UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SAMUEL JOHNSON,<br><br>    Petitioner,<br><br>    v.<br><br>CDCR,<br><br>    Respondent. | No. 2:20-cv-1891 KJM AC P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. ECF Nos. 2, 5. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Petitioner seeks early release from custody on the ground that his conditions of confinement violate the Eighth Amendment's prohibition against cruel and unusual punishment. ECF No. 1. He generally asserts that it is a violation of his rights to keep him in custody during the COVID-19 pandemic because the California Department of Corrections and Rehabilitation (CDCR) has failed to take appropriate measures to prevent the spread of COVID-19 and provides inadequate medical treatment. Id. at 10-15. He makes further, general allegations that due to the COVID-19 lockdown he is being denied programming and the CDCR's response fails to COVID-19 fails to accommodate disabilities. Id. at 15-17. Finally, he makes additional claims regarding

the CDCR's failure to send him to the prison to which he is endorsed so that he can be near his father, id. at 21, the presence of enemies at the prison at which he is currently housed, id. at 22, and the fact that one of his ex-girlfriends is employed at the prison where he is housed, id. at 25-26.

This is petitioner's second habeas petition related to conditions of confinement caused by COVID-19. See Johnson v. Jared (Johnson I), 2:20-cv-0934 KJM AC. As petitioner was previously advised, federal habeas corpus relief is available only for challenges to the duration or legality of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Although petitioner seeks release from confinement, the claims in the petition relate to the conditions of his confinement, rather than the legality or duration of his sentence or conviction. "Habeas is not available for review of the conditions of confinement," and petitioner's claims are therefore more appropriately brought pursuant to 42 U.S.C. § 1983. Martinez v. Penarosa, 91 F.3d 153 (9th Cir. 1996) (citation omitted) (unpublished table decision affirming district court's decision to construe a habeas petition as a complaint under § 1983 where petitioner sought release from prison as remedy for unconstitutional treatment for glaucoma); Turay v. Seling, 100 F. App'x 606, 608 (9th Cir. 2004) ("remedy for the allegedly unconstitutional conditions of [petitioner's] confinement is a § 1983 action, not total release from custody" (citation omitted)); Bowman v. California, No. EDCV 19-0184 RGK (RAO), 2019 WL 4740538, at *2, 2019 U.S. Dist. LEXIS 167369, at *3 (C.D. Cal. June 26, 2019) ("[T]he exclusive vehicle for Petitioner's claims regarding the adequacy of his medical care is Section 1983. This is so even though Petitioner also requests release from custody." (citing Shook v. Apker, 472 F. App'x 702, 702-03 (9th Cir. 2012))). The petition should therefore be dismissed.[1]

Finally, the court should decline to offer petitioner the option to convert his claims to an action under § 1983. Petitioner was previously advised that if he wanted to pursue these claims,

---

[1] Moreover, even if petitioner's claims are properly brought in habeas under either § 2254 or § 2241, it does not appear that he has exhausted either his state court or administrative remedies, as he argues that this is a federal matter and his administrative remedies are too slow. ECF No. 1 at 3, 5, 8-9. It further appears that his claim for release from the CDCR may be moot, as a recent notice of change of address demonstrates that he has been moved to Coalinga State Hospital. ECF No. 10.

he should do so in a civil rights action under § 1983, Johnson I, ECF No. 7, and he has instead chosen to once again bring his claims in a habeas petition. Furthermore, a habeas corpus action and a prisoner civil rights suit differ in a variety of respects, such as the proper defendants, type of relief available, filing fees and the means of collecting them, and restrictions on future filings. Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (en banc) (quoting Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011)). For example, unlike a habeas action, a civil rights action would require petitioner to pay the full amount of the $350.00 filing fee, even if he is given leave to proceed in forma pauperis under 28 U.S.C. § 1915. Petitioner would be responsible for an initial partial filing fee and thereafter payments from his trust account would be forwarded to the clerk of court any time the amount in the account exceeded $10 until the filing fee was paid. 28 U.S.C. § 1915(b)(1)-(2). Additionally, the exhaustion requirements for a § 1983 case also differ from those required in a habeas action, and, as noted above, it does not appear that petitioner has exhausted his administrative remedies because he argues that they are too slow.[2] ECF No. 1 at 8-9. Due to these differences, the disadvantages that re-characterization may have on petitioner's claims, and the recent nature of the alleged violations which allays any concerns about the statute of limitations, this court should decline to provide the option to re-characterize the petition as a civil rights complaint. Petitioner is once again advised that if he wishes to challenge the conditions of his confinement, he should do so by filing a separate civil rights complaint.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to proceed in forma pauperis, ECF No. 2, is granted.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be denied without prejudice to filing his claims in a new action under 42 U.S.C. § 1983.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written

---

[2] Although petitioner attaches copies of some responses demonstrating exhausted appeals, those appeals relate to blood clots in his legs, not the CDCR's response to COVID-19. ECF No. 1 at 52-54, 63-65.

objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 14, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE